ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL ESPECIAL**

| | | |
|---|---|---|
| **YEISSA VÉLEZ COLÓN**<br>DEMANDANTE(S)-APELANTE(S)<br><br>V.<br><br>**IMANOL AUTO, INC.;**<br>**POPULAR AUTO, LLC;**<br>**COMPAÑÍAS**<br>**ASEGURADORAS X, Y y Z;**<br>**SUTANO DE TAL**<br>DEMANDADA(S)-APELADA(S) | **KLAN202200494** | *APELACIÓN*<br>procedente del Tribunal de Primera Instancia, Sala Superior de **BAYAMÓN**<br><br>Civil Núm.:<br>**AR2022CV00274 (605)**<br><br>Sobre:<br>Incumplimiento de Contrato, Daños y Perjuicios, Vicios Ocultos |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Pagán Ocasio, y la Juez Barresi Ramos

Barresi Ramos, juez ponente.

**S E N T E N C I A**

En San Juan, Puerto Rico, hoy día 28 de febrero de 2023.

La señora **Yeissa Vélez Colón** (señora **Vélez Colón**) comparece ante este Tribunal de Apelaciones, mediante *Alegato* instado el 27 de junio de 2022. En su recurso, nos solicita que revisemos la *Sentencia* dictada el 1ro de junio de 2022 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI).[1] En dicho dictamen, el foro primario desestimó, sin perjuicio, la *Demanda* contra **Imanol Auto, Inc.** (**Imanol Auto**); **Popular Auto, LLC** (**Popular Auto**); Compañías Aseguradoras X, Y, y Z; Zutano de Tal.

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

**I.**

En enero de 2019, la señora **Vélez Colón** instó una reclamación sobre desperfectos mecánicos de su vehículo de motor Hyundai Elantra 2017 ante

_____
[1] Esta determinación judicial fue notificada y archivada en autos el 2 de junio de 2022. Véase Apéndice de *Alegato,* pág. 1.

Número Identificador:
SEN2022_____

el Departamento de Asuntos del Consumidor (DACo).[2] Posteriormente, el 14 de mayo de 2020 ,el DACo emitió una *Resolución* en la cual declaró con lugar la *Querella*; decretó la nulidad de los contratos de compraventa y de ventas al por menor a plazos otorgados con relación al vehículo de la señora **Vélez Colón;** ordenó a **Imanol Auto** el reembolso del pronto pagado; y ordenó el pago por concepto mensualidades por el financiamiento del automóvil tanto a **Imanol Auto** como a **Popular Auto**.[3]

El 4 de junio de 2020, **Imanol Auto** presentó *Moción Solicitando Desestimación de la Querella o que Se Deje Sin Efecto la Resolución del 14 de Mayo de 2020*.[4] El fundamento de este petitorio es que la notificación fue ineficaz e incumplió con las garantías mínimas procesales del debido proceso de ley ello debido a que el DACo notificó todas las gestiones del caso a una dirección incorrecta. Así las cosas, el 30 de septiembre de 2020, DACo decretó *Relevo de Resolución* expresando:

> "Se deja sin efecto y se releva a las partes de la totalidad de la Resolución emitida por este Departamento el 14 de mayo de 2020 y notificada el 19 de mayo de 2020 en el caso ARE-2019-0001718".[5]

Luego, el 14 de diciembre de 2020, DACo expidió una *Notificación de Informe de Inspección* acompañado del *Informe de Inspección Vehículos de Motor* suscrito por el señor Edgar Cotto González, técnico de investigación.[6] En dicho informe, se determinó que el vehículo de la señora **Vélez Colón** tenía varios hallazgos, entre ellos, el canister del sistema de evaporamiento roto, y al "airbag" le faltan los cubre faltas de abajo del motor.

El 17 febrero de 2022, la señora **Vélez Colón** presentó *Moción Solicitando Desistimiento Sin Perjuicio*.[7] Ante esta solicitud, ese mismo día, DACo dictaminó *Resolución* en la cual, entre otras cosas, dejó sin efecto el

---

[2] Véase Apéndice de *Alegato de Popular Auto, LLC en Oposición a la Apelación*, págs. 1- 5.
[3] *Id*., pág. 15.
[4] *Id*., págs. 6- 11.
[5] Este dictamen fue notificado y archivado en autos el 1ro de octubre de 2020. *Íd*., págs. 15-18.
[6] *Íd*., págs. 19- 22.
[7] *Íd*., pág. 23.

señalamiento de audiencia administrativa pautada para el 28 de febrero de 2022, se desestimó la querella y se ordenó el cierre y archivo, sin perjuicio.[8]

El 22 de febrero de 2022, la señora **Vélez Colón** incoó una *Demanda* ante el Tribunal de Primera Instancia.[9]  El 28 de febrero de 2022, el foro primario expidió los emplazamientos; y a principios de marzo de 2022, se diligenciaron ambos emplazamientos.[10]

Más tarde, el 4 de mayo de 2022, **Popular Auto** presentó una *Moción de Desestimación*, planteando que la señora **Vélez Colón** no había agotado todos los remedios administrativos conforme a lo requerido por la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU).[11] Dos días después, el 6 de mayo de 2022, **Imanol Auto** presentó su *Moción de Desestimación al Amparo de la Regla 10.2 de Procedimiento Civil*.[12]  Ante ello, el 11 de mayo de 2022, la señora **Vélez Colón** presentó una *Moción en Oposición a Solicitud de Desestimación Presentada por Imanol Auto, Inc.* y otra titulada *Moción en Oposición a Solicitud de Desestimación Presentada por Popular Auto, LLC.*[13]

El día 1 de junio de 2022, el foro *a quo* pronunció la *Sentencia* apelada. Ante su inconformidad, el 27 de junio de 2022, la señora **Vélez Colón** presentó ante este Tribunal de Apelaciones un escrito intitulado *Alegato.*  En su recurso, señala el siguiente error:

> Erró el Honorable Tribunal al desestimar (sin perjuicio) la causa de acción bajo la teoría de la necesidad de agotar remedios administrativos.

El 29 de junio de 2022, intimamos *Resolución* en la cual, entre otras cosas, concedimos un plazo de treinta (30) días para presentar alegato en oposición.  Ulteriormente, el 28 de julio de 2022, **Popular Auto** presentó su *Alegato de Popular Auto, LLC en Oposición a la Apelación* en la cual solicita la desestimación del recurso de Apelación, basándose en que la señora **Vélez**

---

[8] *Íd.*, págs. 24- 27.  Este dictamen fue notificado y archivado en autos el 22 de febrero de 2022.
[9] Véase Apéndice de *Alegato,* págs. 6- 11.
[10] *Íd.*, págs. 12- 15.
[11] *Ley Núm. 38 de 30 de junio de 2017. Íd.*, págs. 22- 30.
[12] *Íd.*, págs. 16- 21.
[13] Véase Apéndice de *Alegato,* págs. 31- 36 y 37- 42.

**Colón** no agotó los remedios administrativos requeridos por la LPAU. Empero, **Imanol Auto** no presentó contención alguna.

Evaluado concienzudamente el expediente del caso y contando con el beneficio de la comparecencia de **Popular Auto**, exponemos las normas de derecho pertinentes a la controversia planteada a los fines de adjudicar.

## II.

La sección 4.2 de la Ley Núm. 38-2017 mejor conocida como la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU), dispone lo siguiente:[14]

> "Una parte adversamente afectada por una orden o resolución final de una agencia **y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente** podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia..." (Énfasis nuestro).

Mediante la precitada disposición legal se recoge la llamada *doctrina de agotamiento de remedios administrativos* la cual es, junto a la *doctrina de jurisdicción primaria*, una norma de autolimitación judicial que pretende lograr que las reclamaciones sometidas inicialmente a la esfera administrativa lleguen al foro judicial en el momento apropiado.[15] El propósito principal de dicha doctrina es evitar una intervención judicial innecesaria y a destiempo que tienda a interferir con el cauce y desenlace normal del procedimiento administrativo.[16] Esta doctrina implica que, antes de acudir ante un tribunal, la parte que desea obtener un remedio deberá utilizar todos los medios administrativos disponibles, pues, de lo contrario, la revisión judicial no estará disponible.[17]

Por lo que, necesariamente, "[e]l agotamiento de remedios presupone la existencia de un procedimiento administrativo que comenzó, o que debió

---

[14] 3 LPRA sec. 9672.
[15] *Moreno Ferrer v. JRCM*, 209 DPR 430 (2022).
[16] *Íd.*
[17] *AAA v. UIA*, 200 DPR 903, 913 (2018).

haber comenzado, pero que no finalizó porque la parte concernida recurrió al foro judicial antes de que se completase el referido procedimiento administrativo".[18]

De esta forma, se logra que los pleitos lleguen al foro judicial en el momento apropiado, y a su vez, se cumplen los siguientes objetivos, a saber: (1) permite que la agencia desarrolle un historial completo del asunto y utilice su *expertise* para adoptar medidas conforme la política pública formulada por éste; (2) evita intervenciones inoportunas de los tribunales; (3) facilita la revisión judicial; y (4) promueve la distribución eficiente de tareas entre los poderes ejecutivo y judicial.[19]

Ahora bien, dicha doctrina no es absoluta, y admite excepciones. A esos efectos, la sección 4.3 de la LPAU, *supra*, establece lo siguiente:

> "El tribunal **podrá relevar** a un peticionario de tener que agotar alguno o todos los remedios administrativos provistos en el caso de que dicho remedio sea inadecuado, o cuando el requerir su agotamiento resultare en un daño irreparable al promovente y en el balance de intereses no se justifica agotar dichos remedios, o cuando se alegue la violación sustancial de derechos constitucionales, o cuando sea inútil agotar los remedios administrativos por la dilación excesiva en los procedimientos, o cuando sea un caso claro de falta de jurisdicción de la agencia, o cuando sea un asunto estrictamente de derecho y es innecesaria la pericia administrativa."

Nuestro Tribunal Supremo se ha expresado sobre las alegaciones que realizan las partes respecto a las excepciones al requisito de agotamiento de remedios. En síntesis, enunció que cuando la parte alega que es un "remedio inadecuado" o hay una "dilación en los procedimientos", resulta impráctico que se recurra ante un proceso y se vea obligado a agotar remedios administrativos ante la inacción de una agencia para hacer cumplir con sus requerimientos.[20] También manifestó que el que un remedio administrativo sea lento no debe considerarse como una justificación para prescindir del

---

[18] J. Echevarría Vargas, *Derecho Administrativo Puertorriqueño*, 4ta ed. rev., San Juan, Ed. SITUM, 2017, pág. 71.

[19] *AAA v. UIA*, *supra*, a la pág. 914.

[20] *Asoc. Pesc. Pta. Figueras v. Pro. Del Rey*, 155 DPR 906 (2001).

requisito de agotamiento, pues se requiere, además, que el trámite administrativo resulte una gestión inútil o permita un daño irreparable.[21]

Le corresponde a la parte reclamante probar, con hechos específicos y bien definidos, la necesidad de obviar el cauce administrativo.[22] A su vez, para preterir agotar remedios administrativos, la violación debe ser de tal magnitud y debe constituir un agravio tan intenso que justifique desviarse del cauce administrativo.[23] Por consiguiente, ante los supuestos mencionados, se justifica el preterir el trámite administrativo, y el tribunal podrá conceder el remedio solicitado. De lo contrario, los tribunales deberán abstenerse de intervenir hasta tanto la agencia atienda el asunto.[24]

### III.

La señora **Vélez Colón** arguye, en lo aquí pertinente, que el foro primario erró al sostener que **Imanol Auto** y **Popular Auto** prevalecieron en su alegación respecto a que no había agotado los remedios administrativos ante DACo. En su escrito de *Alegato* presentado ante este Tribunal, razona que cuando el DACo no logró advertir que la dirección a la cual se estaban notificando todos y cada uno de los documentos era incorrecta, no proveyó un procedimiento ágil y sencillo debido a su incompetencia. También enuncia que "la falta de diligencia de la agencia al no percatarse que **Imanol Auto** continúa utilizando en sus contratos una dirección que afirma no es la correcta pero que sigue apareciendo en sus contratos, provocó que el largo y tedioso trámite administrativo inicial, donde la parte demandante-apelante prevaleció, terminara por convertirse en una gestión inútil e inefectiva cuando la propia agencia llamada a proteger (DACO) levantó dicha resolución y le obligó a reiniciar nuevamente el proceso".[25] Manifiesta que los daños que esto provocó fueron irreparables de tiempo consumido, duplicidad de recursos, inversión económica adicional y frustración al ver

---

[21] *SLG Flores-Jiménez v. Colberg*, 173 DPR 843 (2008); *Guadalupe v. Saldaña, Pres. UPR*, 133 DPR 42, (1993).

[22] *Procuradora Paciente v MCS*, 163 DPR 21 (2004); *Guadalupe v Saldaña, Pres. UPR, supra*.

[23] *Moreno Ferrer v. JRCM, supra*.

[24] *SLG Flores-Jiménez v. Colberg, supra*.

[25] Véase página 8 del *Alegato*.

que cuando se les hace justicia, su victoria fue dejada sin efecto al ver que **Imanol Auto** se beneficiara de una conducta impropia y negligente provocada por el mismo DACo.[26]

Por su parte, **Popular Auto** sustenta en su *Alegato de Popular Auto, LLC en Oposición a la Apelación* que esta inició su causa de acción en el foro administrativo, empero, presentó una *Moción Solicitando Desistimiento Sin Perjuicio* y decidió culminar la tramitación de su caso porque no estaba de acuerdo con la decisión del DACo en la cual acogió una petición de **Imanol Auto** para que se dejara sin efecto la *Resolución* pronunciada el 14 de mayo de 2020.

De entrada, debemos examinar si la señora **Vélez Colón** tenía que agotar el cauce administrativo antes de recurrir al foro judicial. Así mismo, debemos determinar si el caso ante nuestra consideración presenta excepción alguna por la cual la señora **Vélez Colón** podría preterir el trámite administrativo. Veamos.

Como expusimos antes, el procedimiento que debe seguir una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia, es que presente una solicitud de revisión ante el Tribunal de Apelaciones. Al respecto, sirve recordar lo establecido en la sección 4.2 de la LPAU, *supra*:

> "Una parte adversamente afectada por una orden o resolución final de una agencia y **que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente** podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia..."

En el caso ante nuestra consideración, la señora **Vélez Colón**, posterior a la *Resolución* dictaminada el día 30 de septiembre de 2020 por DACo, presentó una *Moción Solicitando Desistimiento Sin Perjuicio* el 17 de febrero de 2022, en la cual solicitaba el desistimiento, sin perjuicio, de la

---

[26] Véase Apéndice de *Alegato,* pág. 9.

causa de acción. Ese mismo día, DACo dictó una *Resolución* acogiendo el petitorio de desistimiento presentado por la señora **Vélez Colón**; dejó sin efecto la audiencia administrativa pautada; y desestimó, sin perjuicio, la querella. Dicha *Resolución* fue notificada el día 22 de febrero de 2022, y unos días después, la señora **Vélez Colón** acudió ante el Tribunal de Primera Instancia instando una *Demanda*.

Por lo tanto, había un procedimiento administrativo comenzado, pero no finalizó porque la parte concernida, en este caso la señora **Vélez Colón**, presentó una *Moción Solicitando Desistimiento Sin Perjuicio* con posterioridad a la *Resolución* dejando sin efecto su determinación expedida en mayo de 2020. Así las cosas, el procedimiento que correspondía seguir era, que de la señora **Vélez Colón** presentara nuevamente una reclamación por la vía administrativa ante el DACo. Eso es lo que requiere la *doctrina de agotamiento de remedios administrativos* codificada en el Artículo 4.2 de la LPAU, *supra*.

Ahora bien, la señora **Vélez Colón** alega que le cobijan las excepciones a la *doctrina de agotamiento de remedios administrativos*. En específico alega que le aplica: "cuando es una cuestión de derecho que no requiere el ejercicio de discreción o pericia administrativa". También hace alusión a las excepciones de la doctrina, citando el caso de *Delgado Rodríguez v Nazario Ferrer*. [27] No le asiste la razón.

Debemos recordar que las excepciones para la *doctrina de agotamiento de remedios administrativos* se encuentran reglamentada en la sección 4.3 de la LPAU, *supra*. Son cinco (5) excepciones las que contempla la ley. Estas son: (1) cuando el requerir su agotamiento resultare en un daño

---

[27] 121 DPR 347 (1988). Es fundamental mencionar que el caso citado por la señora Vélez Colón es del año 1988, por lo que se regía para ese entonces por la Ley Núm. 170 de 12 de agosto de 1988, según enmendada, conocida como la *Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico* (LPAU). Las excepciones que ese caso establecía son las siguientes: (1) cuando el remedio administrativo es inútil e inadecuado, (2) cuando existe un peligro de daño inminente, (3) cuando existe una evidente ausencia de jurisdicción y (4) cuando sea inútil agotar los remedios administrativos por la dilación excesiva en los procedimientos. Consecuentemente, las excepciones que para ese tiempo la LPAU establecía no son vigentes a la fecha de los hechos del caso presentado ante nuestra consideración.

irreparable al promovente y en el balance de intereses no se justifica agotar dichos remedios; (2) cuando se alegue la violación sustancial de derechos constitucionales; (3) cuando sea inútil agotar los remedios administrativos por la dilación excesiva en los procedimientos; (4) cuando sea un caso claro de falta de jurisdicción de la agencia; o (5) cuando sea un asunto estrictamente de derecho y es innecesaria la pericia administrativa. No se discutirá la aplicación de los incisos dos (2) y cuatro (4) toda vez que no se hacen referencia alguna a ellos.

En cuanto a la primera excepción podemos concluir que no le asiste la razón a la señora **Vélez Colón** puesto que los daños que reclama, este Tribunal considera son **reparables**. Estos daños se pueden reparar mediante el cumplimiento estricto o el resarcimiento de los daños y perjuicios. Respecto a la aplicación de la tercera excepción, tampoco le asiste la razón. La señora **Vélez Colón**, luego de recibir la *Resolución* emitida en mayo de 2020 que dejaba sin efecto el dictamen anterior del foro administrativo y relevaba a las partes de los remedios, solicitó un desistimiento del pleito. No es inútil agotar los remedios administrativos cuando la persona agraviada desiste del pleito, por lo tanto, correspondía en esa instancia que, de querer presentar su reclamación nuevamente, debía hacerlo ante la agencia administrativa pertinente, que tiene las facultades y los recursos concedidos por su ley orgánica para resolver este tipo de querellas.

Por último, la señora **Vélez Colón** alega que el inciso cinco (5) de las excepciones a la *doctrina de agotamiento* es de aplicación por lo siguientes fundamentos: "En cuanto a Imanol Auto Inc., la controversia principal es si debe o no responder por vicios ocultos, lo cual es un asunto de estricto derecho que no requiere del experti[se] de una agencia". No le asiste la razón. Precisamente DACo es una agencia que está facultada para vindicar e implementar los derechos del consumidor. Dicha agencia tiene los poderes para adjudicar las querellas que se presenten ante su consideración y

conceder los remedios pertinentes conforme a derecho.[28]    Asimismo, mediante los reglamentos que promulga la agencia, se ha elaborado, de conformidad a los deberes y funciones impuestos estatutariamente, el Reglamento Núm. 7159 el cual tiene como propósito proteger adecuadamente a los consumidores en la adquisición de vehículos de motor, así como para procurar que el automóvil sirva al consumidor para el propósito para el que fue adquirido, y reúna las condiciones mínimas para garantizar la protección de su vida y propiedad".[29]

Ante este cuadro fáctico y procesal, es forzoso concluir que la determinación del foro primario no constituyó un error en su facultad discrecional.

### V.

Por los fundamentos antes expuestos, *confirmamos* la *Sentencia* apelada pronunciada el 1 de junio de 2022.

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[28] Estas facultades de DACo son otorgadas bajo la ley Núm. 5 del 23 de abril de 1973, según enmendada, conocida como Ley Orgánica del Departamento de Asuntos del Consumidor, 3 LPRA sec. 341, et seq. Véase *Ortiz Rolón v Armando Soler Auto Sales, Inc*., 202 DPR 689, 696 (201).

[29] DACO, *Reglamento de Garantías de Vehículos de Motor*, Núm. 7159 DACo, R, 2 (1 de junio de 2006).